**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**JEFFREY FRAZIER,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0406** (BOR Appeal No. 2054950)
                            (Claim No. 2013023544)

**MATO CORPORATION,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Jeffrey Frazier, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Mato Corporation, by counsel James W. Heslep, filed a timely response.

The issue on appeal is permanent partial disability benefits. By Order dated September 15, 2017, the claims administrator granted Mr. Frazier a 0% permanent partial disability award for his compensable injury. On December 11, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated May 21, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

> . . . .

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Frazier was employed as a warehouse manager for Cato Corporation and sustained an injury to his left elbow on February 22, 2013, when he slipped and fell on ice. He initially sought treatment for upper extremity pain at MedExpress on February 25, 2013, and was diagnosed with left elbow contusion. He underwent an x-ray of his left elbow which revealed intact skeletal structures and joint spaces with no evidence of effusion. By Order dated March 7, 2013, the claim was held compensable for left elbow contusion.

Mr. Frazier was treated by Matthew Nelson, M.D., an orthopedic surgeon, on May 26, 2016. In his report, Dr. Nelson noted that he was last seen in 2013 for a left-hand long finger fracture and had left elbow pain since falling on the ice. Dr. Nelson observed mild swelling over the olecranon, full elbow range of motion, and no abnormal laxity. Mild tenderness was found over the lateral epicondyle and over the ulnar nerve at the cubital tunnel. Dr. Nelson diagnosed pain in the left elbow; olecranon bursitis of the left elbow; an injury of the ulnar nerve at the forearm level; and a left elbow contusion.

The claims administrator referred Mr. Frazier to Joseph E. Grady II, M.D., for an independent medical evaluation. Dr. Grady issued a report dated September 11, 2017, indicating that the left elbow contusion had resolved. Utilizing the American Medical Associations, *Guides to the Evaluation of Permanent Impairment* ("AMA *Guides*") (4th ed. 1993), Dr. Grady found 0% whole person impairment for the resolved left elbow bruise. Dr. Grady also did not find any impairment for the left upper extremity for range of motion and radial and ulnar deviation of the left wrist. Based upon Dr. Grady's recommendation, the claims administrator issued an order dated September 15, 2017, finding that Mr. Frazier is not due any amount of permanent partial impairment benefits as a result of injury he sustained on February 22, 2013. Mr. Frazier protested the claims administrator's decision.

In support of his protest, Mr. Frazier sought treatment with Robert B. Walker, M.D., an occupational medicine specialist, on February 22, 2019. It was noted that he continued to describe pain and tingling, and the inability to fully move the left elbow stating that it "locks up" at times. Dr. Walker conducted range of motion testing on Mr. Frazier's left elbow that resulted in a finding

of 4% upper extremity impairment for abnormalities in left elbow flexion; 1% for left elbow extension; 3% for pronation; and 2% for supination. The total 10% upper extremity impairment was converted by Dr. Grady to be 6% whole person impairment, all of which he attributed to the compensable injury.

Prasadarao B. Mukkamala, M.D., a physiatrist, prepared an independent medical evaluation report following his examination of Mr. Frazier on August 28, 2019. Dr. Mukkamala reviewed Mr. Frazier's records and history, and performed a physical examination. He determined that there was no neurovascular deficit and no abnormality of the left elbow. Dr. Mukkamala concluded that Mr. Frazier had achieved maximum medical improvement with regard to the compensable injury with no residual impairment. Utilizing the AMA *Guides*, Dr. Mukkamala found 0% impairment for range of motion, as Mr. Frazier's measurements were normal.

In a decision dated December 11, 2019, the Office of Judges affirmed the claims administrator's Order of September 15, 2017, finding Mr. Frazier to be fully compensated at 0% permanent partial disability. The Office of Judges found the reports of Drs. Grady and Mukkamala to be persuasive because each did not rate more than the compensable conditions in the claim. The Office of Judges found that the independent evaluation of Dr. Walker was an outlying evaluation of Mr. Frazier's permanent impairment from his elbow contusion. Although Dr. Walker found 6% whole person upper extremity impairment, the Office of Judges noted that neither Dr. Grady nor Dr. Mukkamala found any restrictions in Mr. Frazier's motions. Based upon the opinions in the claim, the Office of Judges concluded that it is more likely than not that Mr. Frazier does not have residual impairment for his compensable injury of February 22, 2013. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision on May 21, 2020.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The Office of Judges found that it is more likely than not that Mr. Frazier does not have permanent partial impairment from his compensable injury. Drs. Grady and Mukkamala performed thorough and appropriate evaluations with regard to Mr. Frazier's permanent partial disability arising from the claim. The Office of Judges determined that their reports are reliable indicators of Mr. Frazier's whole person impairment. Accordingly, Board of Review was correct to affirm the decision of the Office of Judges.

Affirmed.

**ISSUED: September 22, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton